**STATE of Maine**

v.

**Robert E. HARDING.**

Supreme Judicial Court of Maine.

March 29, 1977.

---

Thomas E. Delahanty, II, Dist. Atty., J. Scott Davis, Asst. Dist. Atty., Farmington, for plaintiff.

John C. Hunt, Skowhegan, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

PER CURIAM.

After a jury-waived trial the appellant was convicted of having made a threatening oral communication to a public official (formerly 17 M.R.S.A. § 3701[1]). From the judgment entered on the verdict, appellant filed a seasonable appeal.

We deny the appeal.

The record indicates that the alleged offense occurred during the early morning hours of March 18, 1975, when two uniformed police officers stopped the appellant to question him. During the trial, one of the 'police officers related the conversation, which he said included the sentence,

"He told me to come up to his apartment and he would blow my [expletive deleted] head off."

The police officer also testified that appellant's tone of voice was "very angry" when he made the statement, and the substance of his testimony was that he considered that the statement was not made in jest. The second police officer, who was not involved in the conversation but was an observer, corroborated this testimony.

The appellant also testified at the trial. He characterized the conversation as humorous bantering. In relating his version of the conversation, he said that the statement made was,

"Why don't you come up the house and try it [drawing guns] sometime. . . . I might beat you to it, and get your head blown off."

He indicated that the statement was made in jest.

It is clear to us that if the statement made was the one testified to by the police officer, it constitutes violation of 17 M.R.S.A. § 3701. *State v. Hotham*, Me., 307 A.2d 185 (1973); *State v. Lizotte*, Me., 256 A.2d 439 (1969); *State v. Cashman*, Me., 217 A.2d 28 (1966).

Appellant argues that the statement in question was not only made in jest but was also conditional. A pure question of fact is presented by these contentions. The presiding justice, as factfinder, resolved contested issues against appellant. This he had a right to do.

We find the issue raised in this appeal to be without merit.

The entry must be:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.